**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**Case No.** 1:26-CV-25191-XXXX

KOSMAS ALEXANDER KALAS, an
individual, and FACCI OF MERRICK
PARK, INC., a Florida corporation,

      Plaintiffs,

v.

CITY NATIONAL BANK OF FLORIDA,
a national banking association,

      Defendant.

_____

## COMPLAINT FOR DAMAGES

Plaintiffs, KOSMAS ALEXANDER KALAS ("Kalas") and FACCI OF MERRICK PARK,

INC. ("Facci") (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this

action against Defendant CITY NATIONAL BANK OF FLORIDA ("Defendant," "City National,"

or the "Bank"), and allege as follows:

### NATURE OF THE ACTION

1. This action arises under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §

1691 *et seq.,* and its implementing regulation, Regulation B, 12 C.F.R. Part 1002. Plaintiffs assert

a claim based on City National's failure to notify Plaintiffs, within a reasonable time, of action

taken on a completed application for business credit.

2. For more than two decades, Kalas and numerous of his affiliated business entities,

including Facci, maintained one of the most substantial banking relationships with City National

and its Total Bank. Plaintiffs were among the Bank's most valued, trusted, and profitable

customers.

3.      That relationship gave City National extensive familiarity with Plaintiff's financial affairs, credit history, and prior commercial borrowing.

4.      In the summer of 2021, Plaintiffs applied to City National for a commercial real estate loan of approximately $9,975,000 to acquire property located at 8 S.E. 8th Street, Miami, Florida 33131.

5.      Despite repeated inquiries, City National did not communicate a credit decision, request additional information, identify the application as incomplete, or otherwise notify Plaintiffs of action taken. The Bank's inaction continued through the contractual closing deadline, and Plaintiffs lost the transaction, causing Plaintiffs significant damages.

**PARTIES**

6.      Plaintiff, KOSMAS ALEXANDER KALAS, is an individual residing in Miami-Dade County, Florida.

7.      Plaintiff FACCI OF MERRICK PARK, INC. is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

8.      Plaintiffs were the proposed borrowers and requested the extension of credit from City National. Plaintiffs were therefore "applicants" under ECOA, 15 U.S.C. § 1691a(b) and 12 C.F.R. § 1002.2(e).

9.      Defendant CITY NATIONAL BANK OF FLORIDA is a national banking association with its principal place of business at 25 West Flagler Street, Miami, Florida 33130. The Bank is a "creditor" as defined under ECOA, 15 U.S.C. § 1691a(e), and Regulation B, 12 C.F.R. § 1002.2(l), regularly extends credit, including commercial real estate loans, in the ordinary course of business.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1691e(f).

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Miami-Dade County, Florida, and City National maintains its principal place of business in this District.

**FACTUAL ALLEGATIONS**

12.     Since approximately June 2000, Kalas and his affiliated business entities, including Facci, maintained a longstanding commercial banking relationship with City National and its predecessor Total Bank.

13.     That relationship included commercial loans, commercial real estate financing, lines of credit, deposit accounts, and other banking products and services.

14.     By any objective measure, Plaintiffs were among City National's most significant and valued banking customers. The total value of the Plaintiffs' relationship with the Bank, across outstanding credit facilities, aggregate deposits, and ancillary services, was among the largest in City National's commercial client portfolio.

15.     Bank officers and senior personnel regularly acknowledged and treated the Plaintiffs as top-tier, priority clients.

16.     Over the course of this decades-long relationship, City National accumulated and maintained detailed records concerning Plaintiffs' financial affairs, business operations, creditworthiness, income, assets, liabilities, and real estate holdings.

17.     Kalas and his affiliated entities maintained a strong credit and payment history with City National. To Kalas' knowledge, none of Plaintiffs' obligations to the Bank were in default or

3
**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

subject to any material delinquency when Plaintiffs submitted the application at issue.

18.   City National had previously extended commercial financing to Kalas and his affiliated entities and had processed prior financial requests without material difficulty or delay.

19.   In each such instance, City National processed and approved the applications efficiently and cooperatively, consistent with their standing as preferred customers.

20.   Plaintiffs had every reason to expect the same treatment when they submitted the commercial real estate loan application that is at issue in this case.

21.   In or about March 2021, City National experienced a change in its personnel responsible for Plaintiffs' relationship and the subject application.

22.   The incoming personnel demonstrated no interest in preserving or continuing the relationship with Plaintiffs on the terms that the relationship had been conducted.

23.   That change did not follow any known deterioration in Plaintiffs' financial condition, creditworthiness, or performance of their obligations to the Bank.

24.   In the summer of 2021, Plaintiffs submitted an application to City National for a commercial real estate loan of approximately $9,975,000, representing a 75% loan-to-value ratio based on the appraisal or final purchase price, to acquire commercial property located at 8 S.E. 8th Street, Miami, Florida 33131 (the "Property").

25.   Plaintiffs had entered into a purchase and sale agreement for the Property (the "Purchase Agreement"), which required them to close within the time provided by that agreement.

26.   Plaintiffs applied to City National in reliance on the parties' longstanding relationship and the Bank's existing knowledge of Plaintiffs' financial affairs and credit history.

27.   Plaintiffs provided the information necessary to evaluate the requested loan, and City National already possessed substantial additional financial and background information in its

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

own records from the parties' prior relationship.

28.     Based on the information submitted and City National's own existing records, the application was complete. City National never advised Plaintiffs that any information was missing or that the application was incomplete.

29.     At the time of the application, Plaintiffs were creditworthy and qualified for the requested financing. They had previously obtained commercial financing from City National without material difficulty or delay.

30.     Facci had gross revenues in excess of $1 million from the operation of its business during the fiscal year preceding the application.

31.     After Plaintiffs submitted the application, City National did not provide a substantive status update or communicate a credit decision within a reasonable time.

32.     Plaintiffs repeatedly followed up with City National concerning the application, but the Bank did not provide a substantive response.

33.     City National did not approve the application, deny it, make a counteroffer, or otherwise notify Plaintiffs of action taken.

34.     City National also did not request supplemental documentation, identify any deficiency in the application, or provide a notice of incompleteness.

35.     For a business-credit applicant with gross revenues in excess of $1 million in the preceding fiscal year, Regulation B requires the creditor to notify the applicant, orally or in writing and within a reasonable time, of the action taken on the application. 12 C.F.R. § 1002.9(a)(3)(ii)(A).

36.     City National did not provide Plaintiffs with oral or written notice of action taken within a reasonable time—or at any time.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

37.     The Bank's prolonged inaction was unreasonable under the circumstances, including the parties' longstanding relationship, City National's existing knowledge and records, the time-sensitive nature of the transaction, and Plaintiffs' repeated inquiries.

38.      City National never communicated any administrative, capacity, policy, underwriting, or other reason for leaving the application unresolved.

39.     The duration and persistence of City National's inaction, despite Plaintiffs' repeated inquiries, was not a single inadvertent omission and departed materially from the Bank's prior course of dealing with Plaintiffs.

40.     Had City National timely notified Plaintiffs of its action on the application, Plaintiffs could have made an informed decision about whether to pursue alternative financing while time remained under the Purchase Agreement.

41.     City National's prolonged silence deprived Plaintiffs of a meaningful opportunity to obtain a credit decision or secure alternative financing before the contractual closing deadline.

42.     The seller thereafter exercised its contractual right to terminate the Purchase Agreement, and Plaintiffs lost the transaction and the opportunity to acquire the Property.

43.     Had City National timely acted and provided the required notice, Plaintiffs would have closed the transaction or, at a minimum, had a meaningful opportunity to obtain alternative financing before the closing deadline.

44.     As a direct and proximate result of City National's conduct, Plaintiffs suffered actual damages, including the loss of the Property and the business opportunity it represented; lost profits, income, and appreciation; forfeiture of their earnest-money deposit; costs and expenses incurred in connection with the loan application, due diligence, and the Purchase Agreement; and other consequential economic losses in an amount to be proven at trial.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

45. All conditions precedent to the filing of this action have occurred, been satisfied, waived, or excused.

46. Plaintiffs have retained their undersigned attorneys to represent them in this matter and are obligated to pay them a reasonable fee for their services.

## COUNT I – VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT 15 U.S.C. § 1691 et seq.

47. Plaintiffs re-adopt and re-allege the allegations contained in paragraphs 1 through 46 above, as if fully stated herein.

48. City National is a "creditor" within the meaning of ECOA, 15 U.S.C. § 1691a(e), and Regulation B, 12 C.F.R. § 1002.2(l).

49. Plaintiffs are "applicants" within the meaning of ECOA, 15 U.S.C. § 1691a(b), and Regulation B, 12 C.F.R. § 1002.2(e).

50. Plaintiffs submitted a completed application for business credit, and Facci had gross revenues in excess of $1 million during the fiscal year preceding the application.

51. ECOA requires a creditor to notify an applicant of its action on a completed application within the time prescribed by law. 15 U.S.C. § 1691(d)(1). For the business credit application at issue, Regulation B required City National to notify Plaintiffs, orally or in writing and within a reasonable time, of the action taken. 12 C.F.R. § 1002.9(a)(3)(ii)(A).

52. City National violated ECOA and Regulation B by failing to notify Plaintiffs of action taken on the application within a reasonable time.

53. Alternatively, to the extent City National considered the application incomplete, it failed to notify Plaintiffs of the alleged incompleteness or identify any information needed to complete the application, as required by 12 C.F.R. § 1002.9(c).

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

54.     As a direct and proximate result of City National's violations, Plaintiffs suffered actual damages in an amount to be proven at trial, including lost business opportunities, lost profits and appreciation, transaction costs and expenses, and other consequential economic losses.

55.     Plaintiffs seek punitive damages as authorized by 15 U.S.C. § 1691e(b), including based on the duration and persistence of City National's failure to comply despite Plaintiffs' repeated inquiries.

56.     Plaintiffs are entitled to declaratory and equitable relief as necessary to enforce ECOA and Regulation B under 15 U.S.C. § 1691e(c).

57.     Plaintiffs are entitled to recover their reasonable attorney's fees and costs under 15 U.S.C. § 1691e(d).

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant CITY NATIONAL BANK OF FLORIDA declaring that it violated ECOA and Regulation B, awarding actual and punitive damages, declaratory and equitable relief, attorneys' fees and costs, and granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues and claims so triable.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: July 31, 2026    Respectfully submitted,

        **BRITO, PLLC**
        *Counsel for Plaintiffs*
        2121 Ponce de Leon Boulevard
        Suite 650
        Coral Gables, FL 33134
        Office:  305-614-4071
        Fax:  305-440-4385

        By: /s/ *Alejandro Brito*
         **ALEJANDRO BRITO**
         Florida Bar No. 098442
         Primary: abrito@britopllc.com
         Secondary: apiriou@britopllc.com
         **JALAINE GARCIA**
         Florida Bar No. 58632
         Primary: jgarcia@britopllc.com
         Secondary: lcoello@britopllc.com

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071